UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
LUIS CASTOIRE,

                                                                    **COMPLAINT**

                          Plaintiff,

          -against-                                    **JURY TRIAL DEMANDED**

                                                          **ECF CASE**

THE CITY OF NEW YORK, P.O. MIMOZA BAKRAOI, Shield
No. 20466, Individually and in her Official Capacity,  P.O. MELVIN
RODRIGUEZ, Shield No. 30531, Individually and in his Official
Capacity and P.O.'s "JOHN DOE" #1-10, Individually and in their
Official Capacity (the name John Doe being fictitious, as the true
names are presently unknown)
                          Defendants.
--------------------------------------------------------------------------------X

          Plaintiff, LUIS CASTOIRE, by his attorneys, Cohen & Fitch LLP, complaining of the

defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

          1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.

### JURISDICTION

          2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

          3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

          4.      Venue is properly laid in the Southern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff LUIS CASTOIRE is a Hispanic male and was at all relevant times a resident of the City and State of New York.

7.      Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.      At all times hereinafter mentioned, the individually named defendants, P.O. MIMOZA BAKRAOI, P.O. MELVIN RODRIGUEZ and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, City of New York.

**FACTS**

13.     On or about September 30, 2011, at approximately 8:30 p.m., plaintiff LUIS CASTOIRE was lawfully present in front of his apartment building located at 2012 Holland Avenue, Bronx, NY.

14.     At the aforementioned time and place, plaintiff attempted to enter the building to go home and take a shower when defendant officers prevented him from doing so.

15.     Plaintiff asked the officers to let him into his apartment to prove that he lived there but the officers refused.

16.     Despite the fact that plaintiff had not acted unlawfully in any way, defendants arrested plaintiff and charged him with Resisting Arrest, Obstructing Governmental Administration in the Second Degree, Attempted Assault in the Second Degree, Menacing, Harassment in the Second Degree, and Disorderly Conduct.

17.     At no time on September 17, 2011 did plaintiff LUIS CASTOIRE resist arrest, obstruct governmental administration attempt to assault anyone, harass or menace anyone or behave unlawfully in any way.

18.     At no time on September 17, 2011 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff LUIS CASTOIRE.

19.     In connection with plaintiffs' arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the Bronx County District Attorney's Office.

20.     Thereafter, defendants repeatedly gave false and misleading statements regarding the facts and circumstances of plaintiff's arrest, namely that plaintiff had attempted to assault them,

menace them, harass them, acted disorderly, prevented them from performing their official duties and resisted arrest.

21.    As a result of his unlawful arrest, plaintiff LUIS CASTOIRE spent approximately forty-eight (48) hours in custody and spent twelve (12) months making court appearances before the proceedings against him were dismissed on September 28, 2012.

22.    As a result of the foregoing, plaintiff LUIS CASTOIRE sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**<u>DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983</u>**

23.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.    All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

25.    All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

26.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

27.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

29.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

31.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he as put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants misrepresented and falsified evidence before the New York County District Attorney, namely that plaintiff had attempted to assault them, menace them, harass them, acted disorderly, prevented them from performing their official duties and resisted arrest.

34.     Defendants did not make a complete and full statement of facts to the District Attorney.

35.     Defendants withheld exculpatory evidence from the District Attorney.

36.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

37.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

38.     Defendants acted with malice in initiating criminal proceedings against plaintiff.

39.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

40.     Defendants lacked probable cause to continue criminal proceedings against plaintiff.

41.     Defendants acted with malice in continuing criminal proceedings against plaintiff.

42.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

43.     Notwithstanding the perjurious and fraudulent conduct of defendants, all charges against plaintiff were dismissed on or about September 28, 2012.

44.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**FOURTH CLAIM FOR RELIEF**
**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL**
**UNDER 42 U.S.C. § 1983**

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" as if the same were more fully set forth at length herein.

46.     Defendants created false evidence against plaintiff.

47.     Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

48.     Defendants misled the prosecutors by creating false evidence against plaintiff and thereafter providing false testimony throughout the criminal proceedings.

49.     In creating false evidence against plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

50.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    i.     arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

    ii.     arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

54.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

55.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

56.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

57.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

58.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

59.     The acts complained of deprived plaintiff of his rights:

    A.     Not to be deprived of liberty without due process of law;

    B.     To be free from seizure and arrest not based upon probable cause;

    C.     Not to have summary punishment imposed upon them; and

    D.     To receive equal protection under the law.

## PENDANT STATE CLAIMS

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     On or about November 2, 2011 and within ninety (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

62.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

63.     Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and a hearing date is being scheduled.

64.     This action was commenced on October 3, 2012 within one (1) year and ninety (90) days after the cause of action herein accrued.

65.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

66.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## SIXTH CLAIM FOR RELIEF FOR
## <u>ASSAULT</u>

67.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

69.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SEVENTH CLAIM FOR RELIEF FOR
## <u>BATTERY</u>

70.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.    Defendant police officers touched plaintiff in a harmful and offensive manner.

72.    Defendant police officers did so without privilege or consent from plaintiff.

73.    As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## EIGHT CLAIM FOR RELIEF FOR
## <u>FALSE ARREST</u>

74.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as is fully set forth herein.

75.    Defendant police officers arrested plaintiff in the absence of probable cause and without a warrant.

76.    As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.  The aforesaid actions by the defendants constituted a deprivation of plaintiff's rights.

## NINTH CLAIM FOR RELIEF
## <u>MALICIOUS PROSECUTION</u>

77.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.    Defendants misrepresented and falsified evidence before the New York County District Attorney.

79.    Defendants did not make a complete and full statement of facts to the District Attorney.

80.    Defendants withheld exculpatory evidence from the District Attorney.

81.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

82.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

83.    Defendants acted with malice in initiating criminal proceedings against plaintiff.

84.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

85.    Defendants lacked probable cause to continue criminal proceedings against plaintiff.

86.    Defendants acted with malice in continuing criminal proceedings against plaintiff.

87.    Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

88.    Notwithstanding the perjurious and fraudulent conduct of defendants, upon information and belief, all charges against plaintiff were dismissed on or about September 28, 2012.

89.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### TENTH CLAIM FOR RELIEF FOR
### <u>FALSE IMPRISONMENT</u>

90.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.    As a result of the foregoing, plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, he was humiliated and he was subjected to handcuffing, and other physical restraints.

92.    Plaintiff was conscious of said confinement and did not consent to same.

93.    The confinement of plaintiff was without probable cause and was not otherwise privileged.

94.    As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**ELEVENTH CLAIM FOR RELIEF FOR
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

95.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

97.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

98.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

99.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

100.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## TWELFTH CLAIM FOR RELIEF FOR
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

101.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

103.    Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

104.    Due to the negligence of the defendants as set forth above, plaintiff suffered mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

105.    As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

    i.   an order awarding compensatory damages in an amount to be determined at trial;

    ii.   an order awarding punitive damages in an amount to be determined at trial;

    iii.   reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv.   directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       October 3, 2012

BY:_____/s_____
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115
jfitch@cohenfitch.com